UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cv-22348-BLOOM/Torres

ALAIN RIOUX, *as Parent and*
*Natural Guardian of K.R., a Minor*,

    Plaintiff,

v.

CARNIVAL CORPORATION, *d/b/a*
CARNIVAL CRUISE LINE,

    Defendant.

_____/

## ORDER ON MOTION TO STRIKE

**THIS CAUSE** is before the Court on Plaintiff Alain Rioux's ("Plaintiff") Motion to Strike Defendant's Affirmative Defenses to Amended Complaint, ECF No. [26] ("Motion"). Defendant Carnival Corporation, doing business as Carnival Cruise Line ("Defendant"), filed a Response, ECF No. [28], to which Plaintiff filed a Reply, ECF No. [29]. The Court has reviewed the Motion, all supporting and opposing submissions, the record in this case, the applicable law, and is fully advised. For the following reasons, the Motion is granted in part and denied in part.

    **I.    BACKGROUND**

This maritime action arises from the alleged sexual assault or rape of minor K.R. during a voyage aboard Defendant's vessel by one of the vessel's crewmembers. Plaintiff's Amended Complaint alleges claims of Strict Vicarious Liability for Sexual Assault/Rape (Count I), Negligence (Count II), Negligent Security (Count III), Negligent Failure to Warn (Count IV), and Intentional Failure to Warn (Count V). Am. Compl. ¶¶ 22-58, ECF No. [19]. On August 21, 2023, Defendant filed an Answer and Affirmative Defenses wherein Defendant raises fourteen affirmative defenses. Answer at 4-7, ECF No. [23].

In the Motion, Plaintiff argues that affirmative defenses must give fair notice to the opposing party that there is some plausible, factual basis for the defense, and that the First, Second, Fourth, Seventh, Eleventh, and Twelfth Affirmative Defenses of the Answer fail to do so under Rule 12(f). *See* ECF No. [26] at 2-4.[1] In Plaintiff's view, affirmative defenses are deficient if they amount to no more than mere labels, conclusions or "recycled" defenses; have no possible bearing on the subject matter of the litigation; or are frivolous, clearly invalid, vague, ambiguous, or constitute a shotgun pleading. *Id.* Defendant generally responds that the affirmative defenses Plaintiff seeks to strike provide fair notice and that it would be unfair to require Defendant to provide any more before discovery is substantively underway. ECF No. [28] at 4.

## II. LEGAL STANDARD

"An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification, or other negating matters. A defense that simply points out a defect or lack of evidence in the plaintiff's case is not an affirmative defense." *Adams v. Jumpstart Wireless Corp.*, 294 F.R.D. 668, 671 (S.D. Fla. 2013) (internal citations omitted).

Rule 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). District Courts have "broad discretion in considering a motion to strike under Fed. R. Civ. P. 12(f)." *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1317–18 (S.D. Fla. 2005). Despite this discretion, "'[a] motion to strike is a drastic remedy[,]' which is disfavored by the courts and 'will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.'" *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*,

---

[1] All references to the Rules are to the Federal Rules of Civil Procedure.

2

306 F.2d 862, 868 (5th Cir. 1962) and *Poston v. Am. President Lines, Ltd.*, 452 F. Supp. 568, 570 (S.D. Fla. 1978)). Under the "fair notice" pleading standard, "[a] defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002).

### III.   DISCUSSION

As a preliminary matter, the parties agree general maritime law governs this action. Am. Compl. ¶ 6, Answer ¶ 6. As another threshold matter, the Court will adhere to its previous conclusion that affirmative defenses are not subject to the standards elucidated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *See, e.g., Laferte v. Murphy Painters, Inc.*, No. 17-civ-60376, 2017 WL 2537259, at *2 (S.D. Fla. June 12, 2017). As this Court has previously explained, a straightforward construction of Rule 8 delineates different standards for pleadings generally and those applicable to defenses. *Laferte*, 2017 WL 2537259, at *2 (citing Fed. R. Civ. P. 8.). As noted by the Middle District of Alabama, "to artificially supply Rules 8(b)(1) and 8(c)(1) with the unique language of Rule 8(a)(2) requiring a 'showing' is to contravene well-established principles of statutory construction, which have been found applicable to interpreting the Federal Rules of Civil Procedure." *E.E.O.C. v. Joe Ryan Enterprises, Inc.*, 281 F.R.D. 660, 663 (M.D. Ala. 2012) (citing *Business Guides v. Chromatic Comms. Enter., Inc.*, 498 U.S. 533, 540-41 (1991)).[2]

---

[2] *Compare* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain: . . . a short and plain statement of the claim showing that the pleader is entitled to relief[.]") *with* Fed. R. Civ. P. 8(b)(1)(A) ("In responding to a pleading, a party must: (A) state in short and plain terms its defenses to each claim asserted against it[.]") *and* Fed. R. Civ. P. 8(c)(1) ("In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense").

3

Plaintiff relies on *Pujals ex rel. El Rey De Los Habanos, Inc. v. Garcia*, 777 F. Supp. 2d 1322 (S.D. Fla. 2011), and *Castillo v. Roche Lab'ys Inc.*, No. 10-20876-CIV, 2010 WL 3027726 (S.D. Fla. Aug. 2, 2010) to argue that the disputed affirmative defenses are legally insufficient, but the Court disagrees. The court in *Pujals* did not have the occasion to consider the distinction between the different provisions of Rule 8. *See Pujals,* 777 F. Supp. 2d at 1332 ("Defendants do not allege why Plaintiff is estopped from asserting his claims. These are the type of 'bare bones conclusory allegations [that] must be stricken' for failure to comply **with Federal Rule of Civil Procedure 8**.") (emphasis added). Neither is *Castillo* persuasive. The court in that case concluded that affirmative defenses must meet the pleading standard set out in *Twombly* and *Iqbal* based on common sense and fairness. *See Castillo*, 2010 WL 3027726, at *2 (quoting *Palmer v. Oakland Farms, Inc.,* No. 5:10cv00029, 2010 WL 2605179 (W.D. Va. June 24, 2010)). However, this Court follows the express language of the terms of Rule 8 and, in any event, "when one considers that a defendant must answer the complaint within 21 days, imposing a different standard for defenses is not unfair." *Floyd v. SunTrust Banks, Inc.*, 2011 WL 2441744, at *8 (N.D. Ga. June 13, 2011).

Absent further guidance from the Eleventh Circuit—or persuasive argument that this Court's previous determination was erroneous—the Court declines to depart from its previous rulings in evaluating the disputed affirmative defenses and proceeds to consider them in turn.

### A. First Affirmative Defense

The First Affirmative Defense States:

> The incident and injuries alleged in the Complaint were the result of intervening and unforeseeable causes for which Carnival had no duty to protect Plaintiff from. This includes but is not limited to alleged unforeseeable criminal acts.

Answer at 4.

Plaintiff argues the First Affirmative Defense is an impermissible attempt by Defendant to apportion its fault with that of third parties under general maritime law. ECF No. [26] at 4-7.[3] Defendant responds it pled an intervening or superseding cause, which is a legally valid affirmative defense. ECF No. [28] at 4. Plaintiff replies in relevant part that the attack on K.R. could not be an intervening or superseding cause because it was not an unforeseeable criminal act since Defendant was on notice of the risk of rape or sexual assault on its vessels. ECF No. [29] at 2-3.

"Intervening or superseding cause is a legally valid affirmative defense in admiralty proceedings." *Delgado v. Carnival Corp.*, 640 F. Supp. 3d 1286, 1292 (S.D. Fla. 2022) (citation omitted). Defendant alleges "unforeseeable criminal acts" are the intervening or superseding cause here, Answer at 4, specifically the crewmember's attack on K.R., Am. Compl. ¶ 17-20. Defendant would not be liable on account of its negligence if the attack was an unforeseeable criminal act. *See McIlwain v. Royal Caribbean Cruises Ltd.*, No. 22-cv-24025-PCH, 2023 WL 4117109, at *3 (S.D. Fla. June 21, 2023) (citing *Knight v. Philips South Beach LLC*, No. 09-20473-CIV, 2010 WL 11601873, *3-4 (S.D. Fla. Nov. 4, 2011) (noting that under Florida negligence jurisprudence, a business's duty to take reasonable security precautions for their invitee's benefit does not extend to unforeseeable criminal acts)). Since the Amended Complaint alleges K.R.'s injury stems from a crewmember's criminal act, striking the First Affirmative Defense is not warranted at the pleading stage.

Plaintiff argues the allegations establish that Defendant was on notice of the dangerous condition in this case. ECF No. [29] at 2-3. To be sure, the allegations of the Amended Complaint, accepted as true, support that Defendant was on notice that sexual assaults on cruise ships are a serious problem in the cruise line industry, and that sexual assaults on Defendant's ships occur

---

[3] *See Fabre v. Marin*, 623 So. 2d 1182, 1185 (Fla. 1993) (concluding that judgment should be entered against each party liable based on that party's percentage of fault under Fla. Stat. § 768.81(3)).

with disturbing frequency. Am. Compl. ¶¶ 11-13. Regardless, whether Defendant was on notice of the alleged dangerous condition in this case depends on whether the prior assaults are substantially similar to the assault on K.R. *See Jones v. Otis Elevator Co.*, 861 F.2d 655, 661-62 (11th Cir. 1988) (explaining that conditions substantially similar to occurrence in question must have caused prior accident and prior accident must not have occurred too remote in time for evidence of prior accident to be admissible in negligence action); *see also Guevara v. NCL (Bah.) Ltd.*, 920 F.3d 710, 720 (11th Cir. 2019) (citing *Jones*, 861 F.2d at 661-62). The Amended Complaint is devoid of allegations supporting the substantial similarity between past instances of sexual assaults and the one alleged here. For example, there are no allegations of any crewmember who worked in "sports activities" sexually assaulting a minor in an unmonitored and vacant compartment near those sports activities, as was allegedly the circumstance here. Am. Compl. ¶¶ 16-17.

Moreover, none of the cases on which Plaintiff relies were decided in the context of adjudicating a motion to strike affirmative defenses and are minimally relevant to this action. *See, e.g.*, *K.T. v. Royal Caribbean Cruises, Ltd.*, 931 F.3d 1041, 1043 (11th Cir. 2019) (appeal from a dismissal under Rule 12(b)(6)); *Luby v. Carnival Cruise Lines, Inc.*, 633 F. Supp. 40, 41 (S.D. Fla. 1986) (deciding motion for summary judgment); *Poole v. Carnival Corp.*, No. 14-20237-Cooke/Torres (S.D. Fla. Apr. 8, 2015) (granting motion for summary judgment).

Further, a district court should decline to strike a superseding cause defense where that defense may be successful. *Wiegand v. Royal Caribbean Cruises Ltd.*, 473 F. Supp. 3d 1348, 1352 (S.D. Fla. 2020). Of course, the superseding cause defense would not be successful if *all* sexual assaults or rapes on Defendant's vessels were foreseeable as a matter of law, as Plaintiff maintains, but none of Plaintiff's cases support that assertion. *See, e.g.*, *Doe v. Princess Cruise Lines, Ltd.*,

657 F.3d 1204, 1208 (11th Cir. 2011) ("This case . . . . comes to us in an appeal by the cruise line from the district court's denial of its motion to compel arbitration of the dispute between it and the plaintiff."); *K.T.*, 931 F.3d at 1046 (holding that plaintiff's allegations plausibly alleged cruise line's liability); *Luby*, 633 F. Supp. at 42 ("defendant had no duty to warn of the ledge's existence as a matter of law."); *Poole*, slip op. at 8 ("Plaintiff has failed to establish that any alleged breaches of the duty of care by Carnival proximately caused her injuries.").

The Court finds those cases do not assist in adjudicating the Motion. In any event, *K.T.* undermines rather than supports Plaintiff's argument. The Eleventh Circuit made clear that it "focus[es] on incidents involving the same type of harm suffered by the plaintiff" in addressing the issue of notice. *See K.T.*, 931 F.3d at 1044 (finding that minor passenger alleging assault and rape stated plausible negligence claim against cruise ship operator by alleging that it had actual knowledge of minors wrongfully being provided with or allowed to gain access to alcohol, and then becoming victim of assaults and batteries and sexual crimes, and that operator and its crew sold alcoholic beverages to adult male passengers they knew were being given to her).

Absent the requisite allegations and legal support, the foreseeability must be determined at summary judgment or at trial. *See Knight*, 2010 WL 11601873, at *5 (granting summary judgment on finding there was no evidence from which a jury could conclude that it was foreseeable that a shooting would occur at a party). Accordingly, the Court will not strike the First Affirmative Defense.

### B.  Second Affirmative Defense

The Second Affirmative Defense states, "[t]he alleged assailant was acting outside the scope of his employment. Accordingly, Carnival is not liable for their [*sic*] conduct." Answer at 5.

Plaintiff first contends this defense is effectively a denial and not truly an affirmative defense, citing in support *Bluewater Trading LLC v. Willmar USA, Inc.*, No. 07-61284-CIV, 2008 WL 4179861 (S.D. Fla. Sept. 9, 2008). ECF No. [26] at 7. Plaintiff also submits the defense is clearly invalid because Defendant is strictly liable for an assault on a passenger by a crewmember. *Id.* Defendant concedes that Defendant is strictly liable for assaults on passengers by its crewmembers but avers that the defense aims solely at the negligence counts. ECF No. [28] at 4-5.

*Bluewater Trading* does not support the conclusion that the Second Affirmative Defense is a denial. In that case, the defendant asserted an affirmative defense that the plaintiff failed to allege "a particular purpose beyond the normal and ordinary use of [a] [v]essel for which it claim[ed] . . . a breach of warranty." *Bluewater Trading LLC*, 2008 WL 4179861, at *2. The court treated the affirmative defense as a denial because the defense specifically denied an allegation in the complaint. *Id.* Here, the Amended Complaint makes no allegations regarding the scope of the crewmember's employment because Plaintiff is not alleging the crewmember's negligence caused K.R.'s harm, so the defense is not a specific denial. The Court will not treat the defense as a denial on these grounds.

Relatedly however, the defense is clearly invalid as a matter of law. "[A]n employer is held liable to third parties for an employee's negligence" because "it is the employer's ability to control the employee that allows the law to hold an otherwise non-faulty employer vicariously liable for the negligent acts of its employee acting within the scope of employment." *Langfitt v. Fed. Marine Terminals, Inc.*, 647 F.3d 1116, 1121 (11th Cir. 2011) (citing Restatement (Second) of Agency § 220). The Amended Complaint asserts that the crewmember harmed K.R. not through negligence but through intentionally tortious conduct. *See* Am. Compl. ¶ 29.h (alleging K.R. was injured due

8

to Defendant's negligence in failing to "implement and/or enforce an adequate safety management system relative to the prevention of sexual assaults and rapes by crewmembers on passengers").

As such, the defense does not apply to the allegations in the Amended Complaint. The Second Affirmative Defense is due to be stricken.

### C. Fourth Affirmative Defense

The Fourth Affirmative Defense states,

> Plaintiff and K.R. were comparatively negligent. Their negligence includes, but is not limited to, Plaintiff and his wife not supervising his minor daughter, K.R., on the ship. By accepting the Ticket Contract, parents acknowledge and agree that they are responsible for the supervision of their minor children on the ship. They failed to supervise their child. Additionally, K.R. allegedly voluntarily went into a secluded area with a stranger. Further, the alleged risk creating condition in this case was open and obvious, including but not limited to going into a secluded area of a person K.R. met on the ship.

Answer at 5.

Plaintiff asserts "[n]o portion of Plaintiff's Complaint sounds in contract." ECF No. [26] at 7-8. Plaintiff thus argues the defense asserts an invalid contractual waiver of liability under 46 U.S.C. § 30527(a)(1)(A) and must be stricken. *Id.* at 8-9.[4] Defendant responds that it is not seeking to preclude its liability by adverting to the Ticket Contract. Rather, discovery in this action may reveal that Plaintiff was negligent in breaching the Ticket Contract, a fact that would affect the jury's determination of comparative fault in this case. ECF No. [28] at 5. Plaintiff replies that the defense fails because Defendant has not averred a single fact supporting Plaintiff's comparative negligence. ECF No. [29] at 3. Plaintiff further replies that the fact that discovery may reveal

---

[4] 46 U.S.C. § 30527(a)(1)(A) provides in relevant part,
   The owner, . . . of a vessel transporting passengers between ports in the United States, or between a port in the United States and a port in a foreign country, may not include in a . . . contract a provision limiting--(A) the liability of the owner . . . for personal injury . . . caused by the negligence or fault of the owner or the owner's employees or agents[.]

9

K.R.'s parents breached the Ticket Contract is beside the point because Defendant is not entitled to discovery to learn whether it has a valid comparative negligence defense. *Id.*

Comparative negligence is a valid affirmative defense. *Gulley v. Royal Caribbean Cruises, Ltd.*, No. 20-cv-25269, 2022 WL 2341015, at *3 (S.D. Fla. Feb. 11, 2022) (citing *Birren v. Royal Caribbean Cruises, Ltd.*, 336 F.R.D. 688, 693 (S.D. Fla. 2020) (noting that defendant's affirmative defense regarding plaintiff's comparative fault "is essentially a contributory or comparative negligence defense which is specifically enumerated in Rule 8(c)(1)") (cleaned up)). Moreover, the allegations of the Complaint support that K.R.'s parents left her unattended, further supporting that K.R.'s parents were comparatively negligent. *See* Am. Compl. ¶ 17 (alleging that, "[o]n the last full day of the cruise, the assailant asked K.R. to follow him as he 'W*anted* [*sic*] to *show her something.*' The child did as he asked and the assailant lured her to a room with a white door (possibly a mechanical room) one deck down from the Rope Course."). Accordingly, to the extent Defendant seeks to bolster the defense by asserting that K.R.'s parents were negligent in breaching the Ticket Contract, Defendant may seek to do so. At this stage in the litigation, however, Defendant is not required to plead more factual matter under *Twombly* and *Iqbal*'s pleading standard. *See Laferte*, 2017 WL 2537259, at *2. For that reason, the allegations of the affirmative defense regarding the Ticket Contract do not undermine its validity, even if the allegations are superfluous for the purpose of Rules 8(b)(1)(A) or 8(c)(1). Because Defendant seeks to assert comparative negligence, Plaintiff's reliance on cases concerning defendants who sought to avoid liability by asserting contractual limitations on their liability is entirely misplaced.

Because Plaintiff has not shown the Fourth Affirmative Defense has no possible relation to the controversy, the Court will not strike it.

### D. Seventh Affirmative Defense

The Seventh Affirmative Defense states, "[t]his action is governed by and subject to the terms, limitations, and conditions contained in the Ticket Contract. Carnival adopts and incorporates by reference same herein in their entirety." Answer at 6.

Plaintiff seeks to have the Court strike the affirmative defense for the same reasons it seeks to have the Fourth Affirmative Defense stricken. The Court agrees with Plaintiff that the Seventh Affirmative Defense must be stricken. A court in this district ordered stricken a substantially identical affirmative defense that "Plaintiff's action is precluded by the limitations, terms and conditions contained in Plaintiff's ticket/contract for passage" because such a defense was expressly barred by the relevant statute. *Barrios v. Carnival Corp.*, No. 19-20534-CIV, 2019 WL 1876792, at *3 (S.D. Fla. Apr. 26, 2019). Because *Barrios* is on point, the Court follows that case and will strike the Seventh Affirmative Defense.

### E. Eleventh Affirmative Defense

The Eleventh Affirmative Defense states, "Plaintiff failed to mitigate her damages, if any, thus precluding or diminishing Plaintiff's recovery herein to the extent such mitigation would have diminished or avoided Plaintiff's alleged losses or injuries." Answer at 6.

Plaintiff seeks to have the affirmative defense stricken because the affirmative defense is effectively a denial under *Bluewater Trading* and because Defendant fails to plead sufficient factual matter. ECF No. [26] at 9. Plaintiff's first argument is without merit because, as previously stated, *Bluewater Trading* does not support that this affirmative defense is a denial. Defendant is not specifically denying an allegation in the Amended Complaint, it is placing Plaintiff on notice that it seeks to argue that K.R.'s recovery should be precluded or diminished *even if* K.R. suffered damages. *See Adams*, 294 F.R.D. at 671 (explaining that an affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification,

or other negating matters). The Eleventh Affirmative Defense is paradigmatically an affirmative defense, one that courts in this district have recognized as clearly valid. *See Bakshi v. Carnival Corp.*, No. 23-CV-21839-CIV, 2023 WL 6376730, at *7 (S.D. Fla. Aug. 23, 2023), *report and recommendation adopted*, No. 23-21839-CIV, 2023 WL 6376729 (S.D. Fla. Sept. 29, 2023) (finding affirmative defense legally sufficient where defense placed Plaintiff on notice that the defendant intended to argue that Plaintiff failed to mitigate her damages (citing *Lebron v. Royal Caribbean Cruises, Ltd.*, No. 16-24687-CIV, 2017 WL 7792720, at *4 (S.D. Fla. Aug. 18, 2017), *report and recommendation adopted*, No. 16-24687-CIV, 2017 WL 7803805 (S.D. Fla. Sept. 27, 2017) and *Incardone v. Royal Caribbean Cruises*, Ltd., No. 16-20924-CIV, 2019 WL 2709810, at *10 (S.D. Fla. June 28, 2019) *report and recommendation adopted*, No. 16-20924-CIV, 2019 WL 8989849 (S.D. Fla. Oct. 1, 2019))).

Plaintiff's second argument fails because the affirmative defense need not meet *Twombly* and *Iqbal*'s pleading standard. As such, this affirmative defense is not due to be stricken.

### F. Twelfth Affirmative Defense

The Twelfth Affirmative Defense states, "Plaintiff's injuries, if any, are the result of a pre-existing injury or condition that was not aggravated by the alleged accident claimed herein. Alternatively, if any pre-existing injury or condition was aggravated by any actions alleged in the Complaint, then Plaintiff is only entitled to recovery for the damages resulting from the aggravation." Answer at 6-7.

The Twelfth Affirmative Defense places Plaintiff on notice that Defendant intends to call into question whether K.R.'s injuries were caused by pre-existing conditions or conditions aggravated by the conduct alleged. It is therefore legally valid. *See Birren*, 336 F.R.D. at 694 (finding that affirmative defense should not be stricken because it provided the plaintiffs with fair notice that the defendant intended to raise the defense of the presence of a pre-existing injury)

(citing *Najmyar v. Carnival Corp.*, No. 1:17-cv-22448, 2017 WL 7796327, at *3 (S.D. Fla. Aug. 28, 2017) and *Lebron*, 2017 WL 7792720, at *5; *see also Sembler Family P'ship No. 41, Ltd. v. Brinker Fla., Inc.*, No. 8:08-cv-1212-T-24MAP, 2008 WL 5341175, at *4 (M.D. Fla. Dec. 19, 2008) (rejecting argument that the affirmative defense should be stricken as a bare bones, conclusory allegation where the allegations in the defense were sufficient to put the plaintiff on notice of the defense)).

Plaintiff seeks to have this affirmative defense stricken for the same reasons as it seeks to have stricken the Eleventh Affirmative Defense. However, for the reasons it declines to strike the Eleventh Affirmative Defense, the Court finds this affirmative defense is not due to be stricken.

## IV.     CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion to Strike Defendant's Affirmative Defenses to Amended Complaint, **ECF No. [26]**, is **GRANTED IN PART AND DENIED IN PART**.
2. The Second and Seventh Affirmative Defenses are **STRICKEN**.
3. The First, Fourth, Eleventh, and Twelfth Affirmative Defenses are **NOT STRICKEN**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 21, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record